UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ALAN G. BOUTERIE and                      CIVIL ACTION
DEBRA B. BOUTERIE

v.                                        NO. 06-9539

STATE FARM FIRE AND CASUALTY              SECTION "F"
COMPANY


ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand. For the reasons that follow, the motion is DENIED.


Background

The Bouteries' home and other properties they own in Arabi, Louisiana, were damaged during Hurricane Katrina. After disagreeing with the defendant on the amount owed under the policies for each property, the Bouteries sued State Farm in state court on August 28, 2006. State Farm removed the case to this Court, invoking the diversity jurisdiction of this Court and the original federal subject matter jurisdiction, or alternatively, supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1). The Bouteries now move to remand, claiming that State Farm has not met its burden of showing that the amount-in-controversy requirement for federal

1

jurisdiction has been met.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

Defendants have thirty days from receipt of the initial pleading in which to remove a case from state court to federal court.  28 U.S.C. § 1446(b).  This general rule applies when the pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992).  The Bouteries' petition, in conformity with Louisiana law, in this case was silent regarding damages.  When the plaintiff has alleged an indeterminate amount of damages, the Fifth

Circuit requires the removing party to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

The Bouteries' petition for damages does not indicate that any payments have been made by State Farm under the policy, stating that the "[d]efendant has refused to meet its obligations under the policies and refused to pay the full amount of damages due to petitioners." The Bouteries state that the "defendant is liable for the policy limits of petitioners total losses," listing five addresses where property they owned had been "severely damaged, resulting in a total loss."[1] Additionally, the Bouteries demand state law penalties, which would apply automatically if an insurer is found liable of acting in bad faith in the claims-handling process. See La. R.S. 22:658; see also St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). According to the Fifth Circuit, when a demand is made against an insurance policy up to its limits, statutorily allowed penalties and attorneys' fees should be used to determine the amount in controversy. See Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911-12 (5th Cir. 2002)(citing St. Paul Reinsurance Co., 134

---

[1] The homeowners' policy limits for the Bouteries' home located at 18 Carolyn Court exceed $377,000, which includes coverage for the dwelling and contents. The Bouteries also include claims under four other State Farm policies for damages to their rental properties.

F.3d at 1253).

Adding the Bouteries' claims for five properties with the mandatory statutory penalties, State Farm can prove by a preponderance of the evidence that the claim is valued over $75,000, meeting the amount-in-controversy requirement for diversity jurisdiction.[2]

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, February 22, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Because this Court exercises its diversity jurisdiction over this case, the analysis of the Multiparty, Multiforum Trial Jurisdiction Act for jurisdictional purposes is not necessary.